IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE E. ISAACSON,

        Plaintiff,                      No. CIV S-07-0537 MCE EFB PS

       vs.

SHAWN BERRIGAN, et al.,

        Defendants.              ORDER

_____/

      This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

      Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security therefor. Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

      Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984); *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

A complaint, or portion thereof, fails to state a claim if it appears beyond doubt that there is no set of supporting facts entitling plaintiff to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true its allegations, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Pro se pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is entitled to notice and an opportunity to amend before dismissal. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *Franklin*, 745 F.2d at 1230.

Here, plaintiff has failed to state a claim for which relief may be granted. The complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure, which sets forth general rules of pleading for the federal courts. Rule 8(a) requires complaints to include: (1) the grounds upon which the court's jurisdiction rests; (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for relief. The complaint fails to meet the first two of these requirements.[1]

Plaintiff apparently attempts to invoke two jurisdictional bases for this action. First, he alleges that "defendants violated admiralty and maritime law." Complaint, at p.1. Indeed,

---

[1] The court also advises plaintiff that the relief he requests – i.e., the "arrest of the named conspirators" – is not achievable through adjudication of civil claims.

2

plaintiff alleges that defendants violated several sections of Title 18 of the United States Code.[2] In particular, plaintiff alleges that defendants conspired to violate and did violate: 18 U.S.C. § 2111 (criminal statute prohibiting robbery and burglary within the special maritime and territorial jurisdiction of the United States); 18 U.S.C. §§ 1659, 1660 (criminal statutes prohibiting piracy and receipt of pirated property); 18 U.S.C. § 1036 (criminal statute prohibiting entry by false pretenses to any real property, vessel, or aircraft of the United States or secure area of any airport or seaport); 18 U.S.C. § 242 (criminal statute concerning deprivation of civil rights under color of law); and, 18 U.S.C. § 1652 (criminal statute providing for life imprisonment for United States citizens acting as pirates).

None of these criminal statutes provides a private cause of action. Moreover, mere citation to *criminal* statutes involving the United States' navigable waters does not establish maritime or admiralty jurisdiction in this civil action.

"Under 28 U.S.C. § 1333, the district courts have jurisdiction over 'any civil case of admiralty or maritime jurisdiction.'" *Seven Resorts v. Cantlen*, 57 F.3d 771, 774 (9th Cir. 1995). The primary focus of admiralty jurisdiction is the protection of maritime commerce. *Id.* (citing *Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 674 (1982)). Admiralty jurisdiction over both tort and contract issues requires a connection to navigable waters. *Seven Resorts*, 57 F.3d at 774 (citing *Kossick v. United Fruit Co.*, 365 U.S. 731, 736 (1961)). Although it appears from the documents attached to the complaint that plaintiff's grievances relate to the removal of his boat – the Gray Finn – from a dock in Courtland, California, plaintiff fails to state any cognizable claim invoking this court's admiralty jurisdiction. Accordingly, these claims must dismissed.

It appears that plaintiff also attempts to invoke this court's diversity jurisdiction through his allegation that he is "a citizen of another state." Complaint, at p.1. This allegation is

---

[2] Plaintiff is informed that "[c]ivil causes of action . . . do not generally lie under the criminal statutes contained in Title 18 of the United States Code." *Del Elmer v. Metzger*, 967 F. Supp. 398, 403 (S.D. Cal. 1997).

3

insufficient to establish federal jurisdiction under 28 U.S.C. § 1332.  To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc*., 828 F.2d 546, 552 (9th Cir. 1987).  Plaintiff fails to make these necessary allegations.  Even had he succeeded in this regard, plaintiff fails to state any cognizable claim.

In addition to the allegations discussed above, plaintiff also alleges that defendants violated 18 U.S.C. § 1962 by "collect[ing] an unlawful debt."  Section 1962 of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), sets forth prohibited activities which may be alleged as part of a civil RICO claim.  RICO, in contrast to the other provisions of Title 18 cited by plaintiff, does create a private right of action to anyone injured in his business or property by a violation of § 1962.  18 U.S.C. § 1964(c).

To state a civil claim for violation of RICO, a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or property.  *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1086 (9th Cir. 2002).  Plaintiff fails to allege a single fact in support of these necessary elements.  Thus, to the extent plaintiff intended to allege a cause of action under RICO, he has failed to do so, and this claim must also be dismissed.

Finally, plaintiff alleges that defendants "constructed docks and pilings on navigatable [*sic*] waters without authorization by the Secretary of the Army, Title 33 Chapter 9 subchapter 1 § 403."  "Section 10 of the Rivers and Harbors Appropriation Act of 1899, 33 U.S.C. § 403, is a total ban on all obstructions of navigable waters, subject only to exceptions specifically authorized by the Secretary of the Army."  *Di Vosta Rentals, Inc. v. Lee*, 488 F.2d 674, 677 (5th Cir. 1973).  Section 403 creates no private right of action.  *California v. Sierra Club*, 451 U.S. 287, 296-97 (1981); *Hassinger v. Tideland Electric Membership Corp*., 627 F. Supp. 65, 73 (D.N.C. 1985).  Accordingly, plaintiff has failed to, and cannot, state any claim under this provision and the claim must therefore be dismissed.

Because plaintiff has failed to establish this court's jurisdiction and to state a cognizable claim for relief, the court must dismiss the complaint. However, consistent the court's liberal construction of pro se pleadings, the court will grant plaintiff leave to file an amended complaint. If plaintiff chooses to file an amended complaint, he is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* is granted;

2. Plaintiff's complaint is dismissed with leave to amend;

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Plaintiff must file an original and two copies of the amended complaint; and,

4. Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: May 14, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5