IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE E. ISAACSON,

        Plaintiff,                    No. CIV S-07-0537 MCE EFB PS

        vs.

SHAWN BERRIGAN, et al.,

        Defendants.            <u>ORDER</u>

_____/

        This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On May 15, 2007, plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(e)(2), the court dismissed the original complaint for failure to state a claim, and granted plaintiff thirty days to file an amended complaint. Plaintiff timely filed an amended complaint.

        Upon review of the amended complaint, the court has determined that plaintiff has again failed to state a claim for which relief may be granted. The complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure, which sets forth general rules of pleading for the federal courts. Rule 8(a) requires complaints to include: (1) the grounds upon which the court's jurisdiction rests; (2) a short and plain statement of the claim showing entitlement to relief; and

1

(3) a demand for relief.  The complaint fails to meet the first two of these requirements.

In the lodged amended complaint, plaintiff alleges that the named defendants "did form a conspiracy to deprive and did deprive [him] of his civil rights."  Amended Complaint, at p. 1.  Plaintiff further alleges, "With the theft of the vessel Gray Finn from its anchored location in front of property adjacent to the Courtland docks.  For the purpose of exchanging or returning to its owner the Gray Finn and another vessel for a favorable transaction, to acquire the same frontage property adjacent to the Courtland docks, from Robert and Tamara Rawlings." *Id.*  Although not entirely clear, based on a review of plaintiff's allegations and the attachments to the amended complaint, the essence of plaintiff's grievance appears to be that his boat and winter home, the Gray Finn, was illegally removed from the Courtland docks.[1]  He alleges that it was then held by defendant Robert McDaris, who charged "abnormal high dock fees."  *See* "Allegations" (page two of Amended Complaint).  Apparently unable or unwilling to pay these fees, a lien was created against the boat, which was ultimately sold at a "lien sale."  *Id.*

In the amended complaint, plaintiff makes no reference to a basis for this court's jurisdiction, nor does he invoke a federal statute or right.  However, on the civil cover sheet submitted with the amended complaint, plaintiff lists 42 U.S.C. § 1983 as his cause of action.  Section 1983 provides:

> Every person who, under color of . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

////

---

[1] The attachments include a copy of an apparent draft settlement agreement between some of the named defendants regarding removal of plaintiff's boat and another vessel from a dock abutting a disputed parcel of land in Courtland, California.  Plaintiff also includes an estimated appraisal regarding the value of the Gray Finn, as well as copies of what appear to be photographs of a boat.  Plaintiff also includes a letter to the Sacramento Sheriff's Department from "Herbert Hickman" regarding a subpoena, an invoice for impound fees, and a note apparently concerning the impound fee.

In order to state a claim under this section, plaintiffs must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988).

The amended complaint fails to allege a violation of a federal constitutional or statutory right. Neither does it allege that any of the named defendants were acting under color of state law. Under section 1983, a person acts under color of law only where he exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49 (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)). It appears from the allegations of the amended complaint that almost all the named defendants are private parties and not state actors. Plaintiff does name "deputy sheriff" Donald Hyatt as a defendant, alleging that he "act[ed] without any authorization avert any interruption of the theft." *See* "Allegations" (page two of Amended Complaint). The incoherence of this allegation aside, plaintiff does not allege that this defendant acted under color of state law.

As noted above, the court has perused the various attachments to plaintiff's amended complaint, but they do little to elucidate what causes of action plaintiff wishes to assert. However, due to plaintiff's pro se status, the court will grant plaintiff a second opportunity to amend his complaint. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is entitled to notice and an opportunity to amend before dismissal.).

Should plaintiff choose to file a second amended complaint, he is instructed to read and comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a)(1) requires a complaint to include a "short and plain statement of the grounds upon which the court's jurisdiction depends." Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (May 21, 2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). "[A] plaintiff's

1 obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and
2 conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual
3 allegations must be enough to raise a right to relief above the speculative level on the assumption
4 that all of the complaint's allegations are true." *Id.* (citations omitted).

5       In addition to complying with Rule 8, any amended complaint should be filed in a single
6 document entitled "second amended complaint;" plaintiff need not file a separate document
7 containing "allegations" as he did with the amended complaint.

8       Plaintiff is further advised that the court cannot refer to prior pleadings in order to make
9 an amended complaint complete.  Local Rule 15-220 requires that an amended complaint be
10 complete in itself.  This is because, as a general rule, an amended complaint supersedes the
11 original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once
12 plaintiff files an amended complaint, the original no longer serves any function in the case.
13 Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not
14 alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.
15 1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v.*
16 *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

17       Accordingly, IT IS ORDERED that:

18       1.  Plaintiff's amended complaint is dismissed with leave to amend;

19       2.  Plaintiff is granted thirty days from the date of service of this order to file a second
20 amended complaint.  The second amended complaint must bear the docket number assigned to
21 this case and must be labeled "Second Amended Complaint"; and,

22       3.  Failure to timely file a second amended complaint in accordance with this order will
23 result in a recommendation this action be dismissed.

24 DATED: July 9, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4