IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE E. ISAACSON,

        Plaintiff,                      No. CIV S-07-0537 MCE EFB PS

    vs.

SHAWN BERRIGAN, et al.,

        Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

       This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On May 15, 2007, plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(e)(2), the court dismissed the original complaint for failure to state a claim, and granted plaintiff thirty days to file an amended complaint. Plaintiff timely filed an amended complaint, which the court again dismissed for failure to state a claim and granted plaintiff one last opportunity to amend his complaint.

       Upon review of the second amended complaint, the court has determined that plaintiff has again failed to state a claim for which relief may be granted. Accordingly, the court recommends that this action be dismissed without further leave to amend.

////

1

1  Having twice failed to plead facts establishing this court's jurisdiction pursuant to 28
2  U.S.C. § 1331, plaintiff now attempts to invoke the court's diversity jurisdiction pursuant to 28
3  U.S.C. § 1332(a). Although he alleges that defendants are citizens of California and he is a
4  citizen of Michigan, and that he seeks relief in the amount of $100,000, he fails to state a claim
5  for which relief may be granted.

6  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a complaint to include a
7  short and plain statement of the claim showing that the pleader is entitled to relief, in order to
8  give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell
9  Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (May 21, 2007) (citing *Conley v. Gibson*,
10 355 U.S. 41 (1957)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to
11 relief' requires more than labels and conclusions, and a formulaic recitation of a cause of
12 action's elements will not do. Factual allegations must be enough to raise a right to relief above
13 the speculative level on the assumption that all of the complaint's allegations are true." *Id.*
14 (citations omitted).

15 Here, plaintiff makes vague allegations of a conspiracy between defendants to steal his
16 boat and "deprive him of his civil rights." The allegations fail to set forth the requisite elements
17 of any particular civil rights cause of action. Despite granting plaintiff two opportunities to
18 clarify his claims, the court is unable to discern what particular causes of action plaintiff seeks to
19 assert in this case. As such, the court finds that the second amended complaint fails to give
20 defendants "fair notice" of plaintiff's claims.

21 In accordance with the foregoing, IT IS RECOMMENDED that:
22 1. The action be dismissed without further leave to amend; and
23 2. The Clerk be directed to close this case.

24 These findings and recommendations are submitted to the United States District Judge
25 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10)
26 days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3  shall be served and filed within ten (10) days after service of the objections.  The parties are
4  advised that failure to file objections within the specified time may waive the right to appeal the
5  District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,
6  951 F.2d 1153, 1157 (9th Cir. 1991).
7  DATED: October 9, 2007.

                              EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE